# Lewis *v.* Smith.

## *Assumpsit.*

, (Decided April 20, 1907. 43 So. Rep. 717.)

*Principal and Agent; Existence of Relation; Jury Question.*—The evidence in this case examined and held that it was properly submitted to the jury for determination whether defendant bought the cotton for himself or as the agent of another.

11 R

APPEAL from Sumter Circuit Court.
Heard before Hon. S. H. SPROTT.
Action by Samuel C. Lewis against Thomas L. Smith. From a judgment for defendant, plaintiff appeals. Affirmed.

C. J. BROCKWAY, and C. J. ABRAHAMS, for appellant.—Appellee is liable for the purchase price of ten bales of cotton and it is of no consequence that he purchased same as the agent of Smith & Coughlin or on his own account.—Section 4769, Code 1896; section 22, Code 1896; *Blackshear v. Burke*, 74 Ala. 239. An action for money had and received will lie when a sufficient time has elapsed to raise the inference that the property had been converted into money.—*Lytle v. Bowdoin*, 107 Ala. 361; *Moody v. Walker*, 89 Ala. 619; 108 Ala. 669; 32 Ala. 523; 14 Ala. 511; 11 Ala. 259; 9 Ala. 803. It was the duty of appellee to pay the purchase price of cotton before he permitted it to be disposed of in any way.—Section 4769, Code 1896; *Comer v. Way*, 107 Ala. 307; *Lovingthal v. Morris*, 103 Ala. 336; *Nooe v. Garner*, 70 Ala. 443; *Rice v. Schloss*, 90 Ala. 416; *Burns v. Campbell*, 71 Ala. 271. Having given the check in his individual capacity appellee is estopped to affirm that he purchased the cotton as the agent of Smith & Coughlin.—*R. L. & M. Works v. Morange*, 119 Ala. 80; s. cs 124 Ala. 537; *Forbes v. Taylor*, 139 Ala. 287; *Wikle v. Johnson*, 132 Ala. 268; 79 Ala. 516; 74 Ala. 133; 93 Ala. 405; 116 Ala. 629. Charges 5 and 6 refused to appellant should have been given as should the other refused charges.—Authorities next above.

J. A. MITCHELL, and W. B. OLIVER, for appellee. Council discuss assignments of error but cite no authority.

HARALSON, J.—The suit was in assumpsit, by plaintiff, Lewis, against defendant, Smith, for 10 bales of cotton alleged to have been sold by the former to the latter.

The complaint contained three counts, the first was for $425 for 10 bales cotton sold by the plaintiff, Lewis, in February, 1903, to the defendant, Smith.

The second count was for the same amount, for money had and received by defendant for the use of the plaintiff, and the third was for a like amount, due on an account stated between plaintiff and defendant.

Counsel for plaintiff, Lewis, who is appellant, say in brief: "The defense and the only defense set up in this action is, that appellee (Smith) in the purchase of said cotton, was acting as the agent of the firm of Smith & Caughlin, of Birmingham, Ala., and so informed the appellant at the time of the purchase, and of consequence is not liable."

Counsel for appellee say in brief: "The issue was solely whether appellee (Smith), at the time he bought the cotton, disclosed to appellant (Lewis, the plaintiff), that he was buying it for Smith & Coughlin."

The parties, therefore, seem agreed as to the only issue that was for trial between the plaintiff and defendant, and the pleas remaining in the cause, Nos. 1 and 2 (page 2) and 4a (page 5), after a great deal of legal sparring between counsel, in the shape of demurrers to the complaint, numerous pleas and demurrers thereto, replications to pleas and demurrers thereto, enabled the parties to try this simple issue of fact.

It is unnecessary, therefore, to follow up and consider these various and unnecessary pleadings in the cause.

The plaintiff testified, that he sold the 10 bales of cotton to the defendant, at 8 3-4 cents per pound, in February, 1903, and it amounted to $344.70, which the defendant has never paid to him; that at the time he sold the cotton and delivered it to the defendant, nothing was said about his buying the cotton for the firm of Smith & Caughlin; that he sold the same to him on his individual responsibility, and did not know that he was buying the cotton for any other person than himself.

The defendant testified that he bought the cotton from plaintiff, and informed him that he was acting in the purchase of the cotton for Smith & Caughlin,

[Lewis v. Smith.]

cotton buyers, in Birmingham; that he was in no way interested in or connected with the firm of Smith & Caughlin, and simply received as compensation, 25 cents per bale for the cotton bought for them; that he never disposed of the cotton and had never received any money for it from any one, but the receipts for the same were immediately turned over to the shipping agent of Smith & Caughlin. Dr. J. H. Reed for defendant, testified that he was present when the cotton was bought from plaintiff by defendant, and defendant informed plaintiff that he was buying the cotton for Smith & Caughlin. There was testimony introduced to contradict this evidence of the witness, Reed.

The plaintiff sought to prove by A. J. Arrington, that prior to February, 1903, he sold cotton to defendant, on his, defendant's, own personal account, and had never known or heard of defendant being the agent of Smith & Caughlin, nor of his buying cotton for them. An objection was properly sustained to this proposed evidence. All of it might have been true, and it was entirely irrelevant and improper to the issue in this case.

The evidence shows, that defendant sent to plaintiff his individual check for the ten bales of cotton, which plaintiff declined to receive, because, as alleged, it was for too small an amount. The defendant explained, that there was $5 a bale due by plaintiff for 17 bales of other cotton sold to Smith & Caughlin by plaintiff, at the same time the 10 bales were purchased, which 17 bales plaintiff declined to deliver,—cotton having advanced in price meantime.

The plaintiff requested a number of written charges which were given. The evidence being in conflict, whether the contention of the plaintiff as to what the contract really was, or whether that o fthe defendant was correct, was properly left to the jury to determine under charges given by the court.

The plaintiff requested other charges which were refused. We have examined these last charges, and fail to find that there was error in their refusal.

Affirmed.